IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID MICHAEL AFTON,
ADC # 131152                                                               PLAINTIFF

v.                    Case No. 4:16-cv-00228-KGB-JJV

BUTLER, Doctor; *et al.*                                                   DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Joe J. Volpe and plaintiff David Michael Afton's objections thereto (Dkt. Nos. 6, 7). The Court has also reviewed the Amended and Substituted Proposed Findings and Recommendations submitted by Magistrate Judge Volpe (Dkt. No. 9). Mr. Afton did not file any objections to the Amended and Substituted Proposed Findings and Recommendations, and the time for filing objections to the Amended and Substituted Proposed Findings and Recommendations has passed.

After carefully considering the objections and making a *de novo* review of the record, the Court adopts the Amended and Substituted Proposed Findings and Recommendations (Dkt. No. 9). As a result, the Court dismisses without prejudice Mr. Afton's claims against defendants Drs. Butler and Jones, Danny Burl, Correct Care Services, the Nursing Staff of Correct Care Services, Arkansas Department of Correction, Captain McNary, Mrs. McCoy, and Corporal Sykes.[1]

The Court will address Mr. Afton's objection to the Proposed Findings and Recommendations (Dkt. Nos. 6, 7) and the allegations in his amended complaint. Mr. Afton filed an amended complaint, which was timely filed in response to Judge Volpe's Order granting permission to do so (Dkt. Nos. 3, 8). In his objections, Mr. Afton contends that the Proposed

---

[1] For other reasons, explained in a separate order, the Court dismisses without prejudice

Findings and Recommendations incorrectly conclude that he is suing Drs. Butler and Jones, Mrs. McCoy, and Captain McNary for deliberate indifference to his medical care (Dkt. No. 7, at 1). Mr. Afton contends that he is suing Dr. Butler for not doing a scope to see what is wrong with his stomach or esophagus. He contends that he is suing Captain McNary for negligence and denying his right to file a grievance. He contends that he is suing Corporal Sykes for denying him proper emergency care after swallowing bleach. He further contends that he is suing for negligence the officer who gave him the bleach. Mr. Afton states in his objections that Mrs. McCoy, Dr. Jones, and Danny Burl will not be in his amended complaint.

As an initial matter, this Court adopts the conclusion of the Amended and Substituted Proposed Findings and Recommendations that Mr. Afton's allegations in his complaint and amended complaint are not sufficient to state a claim for deliberate indifference. Mr. Afton's first objection appears to be that he is not pursuing a deliberate indifference claim against Dr. Butler but, instead, is pursuing a medical malpractice claim based on Dr. Butler's failure to perform a scope exam of Mr. Afton's stomach and esophagus. To the extent that Mr. Afton is pursuing a medical malpractice claim, the Court declines to exercise jurisdiction over such a claim because, even if he is alleging negligence on the part of Dr. Butler, Mr. Afton is not alleging the denial of a constitutional right. *See, e.g.*, *Smith v. Baker*, 326 F. Supp. 787 (W.D. Mo. 1970), *aff'd*, 442 F.2d 928 (8th Cir. 1971) (holding that plaintiff's claims of improper treatment that did not amount to deliberate indifference failed to allege the violation of a federal civil right and, therefore, did not invoke the provisions of the Federal Civil Rights Act). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). Therefore, to the extent that Mr. Afton seeks to pursue a claim of medical

---

Mr. Afton's claims against John Doe, the only remaining defendant.

2

malpractice against Dr. Butler, rather than a claim of deliberate indifference, the Court declines to exercise jurisdiction over that claim and dismisses without prejudice that claim. Mr. Afton does not name Dr. Jones in his amended complaint. For all of these reasons, the Court dismisses without prejudice Mr. Afton's claims against Drs. Butler and Jones.

In his objections, Mr. Afton reiterates that his complaint includes allegations that Captain McNary failed to permit him to file a grievance. After conducting the screening function, the Proposed Findings and Recommendations concluded that Mr. Afton's claims against Captain McNary be permitted to proceed, as those claims were not referenced in the Proposed Findings and Recommendations (Dkt. No. 6). The Amended and Substituted Proposed Findings and Recommendations conclude that Mr. Afton's claims against Captain McNary should not be permitted to proceed because the grievance procedure does not confer substantive rights on an inmate and because Captain McNary cannot be held liable on a theory of *respondeat superior* under 42 U.S.C. § 1983 (Dkt. No. 9). The Court adopts the Amended and Substituted Proposed Findings and Recommendations to dismiss without prejudice Mr. Afton's claims against Captain McNary. The Court dismisses without prejudice Mr. Afton's claims against Captain McNary.

The Proposed Findings and Recommendations also concluded that Mr. Afton should be permitted to proceed with his claims against Mrs. McCoy, as those claims were not referenced in the Proposed Findings and Recommendations (Dkt. No. 6). In his objections, however, Mr. Afton appears to abandon those claims (Dkt. No. 7, at 2). Indeed, Mr. Afton has not named Mrs. McCoy in his amended complaint (Dkt. No. 8). As a result, the Court directs that Mrs. McCoy be terminated as a defendant from this lawsuit because Mr. Afton has abandoned his claims against her, not named her in his amended complaint, and does not seek relief from her.

The Proposed Findings and Recommendations conclude that Mr. Afton's claims against

3

Mr. Burl should be dismissed without prejudice. Mr. Afton did not object to that conclusion. Upon review, the Court agrees with the conclusion that Mr. Afton's claims against Mr. Burl are not related to the same occurrence as his claims against the other defendants. Therefore, the Court adopts the Proposed Findings and Recommendations to dismiss without prejudice Mr. Afton's claims against Mr. Burl.

Finally, Mr. Afton contends that he is suing Corporal Sykes for denying him proper emergency care. His initial complaint did not address his claim against Corporal Sykes (Dkt. No. 2). In his amended complaint, Mr. Afton contends that he began choking on bleach while in his cell, and when Corporal Sykes responded, Corporal Sykes escorted Mr. Afton to the infirmary (Dkt. No. 8, at 5). Mr. Afton contends that he "repeatedly asked for water to dilute the chemical I swallow but was Refused (sic) by officer Sykes and also infirmary Staff (sic)." (Dkt. No. 8, at 5). Mr. Afton generally alleges that he "was harmed by this incident because [he] developed Post Traumatic Stress Disorder and Panic Disorder" and alleges that "something is going on with [his] stomach and esophagus causing [him] to loss (sic) 30 pounds and have trouble breathing" after he eats (Dkt. No. 8, at 4).

A prison guard may be liable under the Eighth Amendment if the guard intentionally denies or delays access to medical care or intentionally interferes with treatment once prescribed. *See Estelle v. Gamble*, 429 U.S. 97, at 105 (1976). "Intentional delay in providing medical treatment shows deliberate disregard if a reasonable person would know that the inmate requires medical attention or the actions of the officers are so dangerous that a knowledge of the risk may be presumed." *Gordon ex rel. Gordon v. Frank,* 454 F.3d 858, 862 (8th Cir.2006). However, a prison official may rely on a medical professional's opinion if such reliance is reasonable. *Meloy v. Bachmeier* 302 F.3d 845, 849 (8th Cir.2002) ("The law does not clearly require an

administrator with less medical training to second-guess or disregard a treating physician's treatment decision."); *see also Johnson v. Doughty,* 433 F.3d 1001, 1010 (7th Cir.2006) ("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals.") (citation omitted).  Further, an inmate claiming deliberate indifference based on delay in treatment must allege that the delay itself caused harm.  *Moots v. Lombardi*, 453 F.3d 1020 (8th Cir. 2006).  Mr. Afton's allegations against Corporal Sykes do not suffice to state an actionable claim for delay in treatment.  Thus, the Court dismisses without prejudice Mr. Afton's claim against Corporal Sykes.

It is therefore ordered that Mr. Afton's claims against Drs. Butler and Jones, Mr. Burl, Correct Care Services, the Nursing Staff at Correct Care Services, Arkansas Department of Correction, Captain McNary, Mrs. McCoy, and Corporal Sykes are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this the 22nd day of August, 2017.

_____
Kristine G. Baker
United States District Judge